[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has moved to have the plaintiff held in contempt for his failure to pay child support in accordance with the May 30, 1996 order of the court and to modify child support.[1]
The judgment provided that the plaintiff would pay $50.00 per week in child support. Although the order does not recite the reason for the deviation, that amount presumably deviated from the child support guidelines because of the shared custody arrangement. When the order was entered, the plaintiff earned $448.00 per week net and the defendant earned $345.00 per week net. The presumptive amount of child support was $198.00 per week, of which $103.00 was attributable to the plaintiff and $95.00 was attributable to the defendant. The order also required the plaintiff to pay all day care costs, another deviation from the child support guidelines.
Rather than paying $50.00 per week, the plaintiff paid $200.00 per month. The correct monthly amount would be $215.00. The amount that has been unpaid is $990.00. The court cannot find that the plaintiff is in contempt. Rather, he believed that the amount he paid was correct. Nevertheless, he does owe the $990.00, and that amount is set as the arrearage on support. He also owes $700.00 for daycare for the child during the summer of 2001. The judgment is unequivocal about that obligation. The total arrearage, therefore, is $1,630.00.
The defendant's current net income is $514.23 per week. The plaintiffs current net income is $619.26. For both parents, those figures represent a substantial change of circumstances justifying a modification of child support. The presumptive amount of child support is $219.00, of which fifty-five percent or $120.00 is attributable to the plaintiff and forty-five percent or $99.00 is attributable to the defendant. A deviation from the guidelines is permitted (but not required) when a shared custodial relationship exists, provided that the arrangement substantially reduces the custodial parent's expenses or substantially increases the non-custodial parent's expenses and there are sufficient funds remaining for the parent receiving support to meet the child's basic needs. Child Support Guidelines, Section 46b-215a-3 (b)(6)(A). The judgment does not specifically designate a custodial parent. It provides that the child will be in the plaintiffs custody from Tuesday at 3:00 p.m. until Wednesday at 8:00 a.m. and from Friday at 3:00 p. m. until Sunday at 9:30 a.m., with the remaining time spent with the defendant. This is a shared physical custody arrangement. Preamble toChild Support and Arrearage Guidelines, (h)(4). There is insufficient evidence to determine whether either parent's expenditures change because of the custodial relationship. Accordingly, no deviation can be ordered on the basis of the custodial relationship. CT Page 4501
The plaintiff will pay child support of $120.00 per week. The order is retroactive to December 3, 2001. There is an arrearage of $1,260.00 from that date. This arrearage, and the others found herein, represent a total arrearage of $2,890.00. That arrearage will be paid at the rate of ten dollars per week until paid in full. The plaintiff will also pay forty-four percent of unreimbursed medical expenses, in accordance with the child support guidelines.
Orders will enter accordingly.
BY THE COURT,
GRUENDEL, J.